**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TIMOTHY D. LYBBERT,
            Appellant,

            v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
SF-0752-19-0498-I-1

DATE: November 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Saku E. Ethir</u>, Riverside, California, for the appellant.

<u>Robert Aghassi</u>, Barstow, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to account for the fact that the appellant was provoked and his coworker received a lesser penalty for his part in the same verbal altercation, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-07 Police Officer for the agency. Initial Appeal File (IAF), Tab 4 at 9. On April 12, 2019, the agency proposed the appellant's removal based on one charge of "Use of Racially Offensive Language." *Id*. at 26-28. The agency specified as follows:

> On 21 September 2018, while in building 168, your co-worker . . . stated to you "I can't believe you haven't been motherf[---]ing shot for wearing that shirt," or words to that effect, in reference to your Donald Trump related shirt. You responded to [your coworker], "I am surprised that you haven't been lynched for being black" or words to that effect.[2]

*Id*. at 26. After the appellant responded, the deciding official issued a decision removing him effective May 16, 2019. *Id.* at 9-16.

---

[2] The appellant's coworker, another Police Officer, was suspended for 14 days for his part in the incident. Hearing Recording 1, Track 1 at 08:40 (testimony of the appellant's coworker).

The appellant filed a Board appeal, disputing the charge and the penalty.[3] IAF, Tab 1 at 6-7. After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 15, Initial Decision (ID). She found that the agency proved its charge, ID at 6-10, established nexus, ID at 10-11, and showed that the removal penalty was reasonable, ID at 12-15.

The appellant has filed a petition for review, alleging that the administrative judge was biased against him, disputing the administrative judge's conduct of the hearing, and challenging the penalty determination. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

In an appeal of a removal under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 U.S.C. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997).

In this case, the administrative judge found that the agency carried its burden on these issues. ID at 10-11. The appellant does not dispute these matters on review, and we find that they are supported by the record.

The appellant's petition for review focuses on the administrative judge's conduct of the hearing, procedural rulings, and alleged bias. PFR File, Tab 1 at 11-15. The appellant also addresses the issue of penalty and the alleged bias of the deciding official. *Id.* at 16-19.

---

[3] The appellant also raised an affirmative defense of whistleblower reprisal, but he later withdrew it. IAF, Tab 1 at 6-7, Tab 11 at 2.

<u>The appellant has not identified any improper procedural ruling by the administrative judge that affected the outcome of the appeal.</u>

An administrative judge has broad discretion to govern the proceedings before her, including the authority to rule on witnesses and regulate the course of the hearing. *Townsel v. Tennessee Valley Authority*, 36 M.S.P.R. 356, 359 (1988); *see* 5 C.F.R. § 1201.41(b)(6), (8). In this case, the appellant argues that the administrative judge abused her discretion by disallowing follow-up questions of the Operations Officer who investigated the underlying incident and by disallowing the appellant as a witness. PFR File, Tab 1 at 10-15.

We have reviewed the testimony of the Operations Officer in its entirety, and we see no abuse of discretion in the administrative judge's ruling not to allow further examination of this witness. Hearing Recording 1 (HR 1), Tracks 4-5 (testimony of the Operations Officer). After both parties had two rounds of questioning, the administrative judge asked additional questions of this witness and then excused her. HR 1, Track 4, Track 5 at 00:00-40:20 (testimony of the Operations Officer). The appellant's attorney objected, arguing that she should be permitted to ask additional questions based on the administrative judge's questions, which raised some "significant issues" for the first time. HR 1, Track 5 at 40:30. When the administrative judge asked about these "significant issues," the appellant's attorney identified "training," "availability of watch commanders," "what [the Operations Officer] has done since she completed the investigation," "Hatch Act training,"[4] "No FEAR training,"[5] "[the Operations Officer's] understanding of what lynching is," standard operating procedures, and statements that the Operations Officer took from other employees. *Id.* at 42:20. The administrative judge overruled the objection. *Id.*

---

[4] An Act to Prevent Pernicious Political Activities, Pub. L. No. 76-252, 53 Stat. 1147 (1939), codified as amended at 5 U.S.C. chapter 73, subchapter III.

[5] Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, Pub. L. No. 107-174, 116 Stat. 566.

We agree with the administrative judge's assessment. Although these issues are relevant to this appeal, the Operations Officer's testimony about them was not material to the outcome. The Operations Officer's testimony on these issues did not provide any new information that was damaging to the appellant's case. For the most part, the administrative judge's questions opened the way for testimony that might have been favorable to the appellant, even if it ultimately was not. A possible exception was the Operations Officer's testimony concerning whether the watch commander would be the appropriate person to whom the appellant should have reported a threat. HR, Track 5 at 28:15 (testimony of the Operations Officer). The appellant alleged that his coworker had threatened to shoot him and that his lynching comment was a reaction to that threat, but the administrative judge found that the appellant's failure to report the incident to the watch commander undermined his allegation of threat. ID at 9. However, even if the watch commander was unavailable at the time the incident occurred, the evidence would still show that there were other individuals in the immediate vicinity to whom the appellant could have gone if he had actually felt threatened by his coworker's remarks. ID at 9. None of the other issues upon which the appellant wished to pose follow-up questions figured into the initial decision. Nor has the appellant explained on petition for review what testimony he hoped to elicit from further questioning of the Operations Officer or how such testimony might have been material to the outcome of the appeal. For these reasons, we find that the administrative judge did not abuse her discretion by disallowing further examination of this witness and that her ruling in this regard did not prejudice the appellant's substantive rights. *See Niece v. U.S. Postal Service*, 13 M.S.P.R. 99, 102 (1982); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

We next address the administrative judge's ruling to disallow the appellant as a witness. After the last approved witness finished his testimony, the appellant's attorney requested that the appellant be permitted to testify in

rebuttal. Hearing Recording 2 (HR 2), Track 16 at 00:30. The administrative judge sustained the agency's objection to the appellant's testimony. She found that neither party had listed the appellant as a witness in their prehearing submissions, and that the appellant chose not to avail himself of two subsequent opportunities that the administrative judge afforded him to get on the witness list.[6] HR 2, Track 17 at 2:20-10:50.

On petition for review, the appellant argues that the administrative judge abused her discretion in disallowing him as a witness because he stated in his prehearing submission that he "reserved the right to call additional witnesses, based on the presentation of the Agency's case in chief." PFR File, Tab 1 at 12-14. The appellant also argues that, to the extent that the agency might have been prejudiced by the administrative judge allowing his testimony, this problem could have been remedied by allowing the appellant to testify on a future date, thus giving the agency additional time to prepare its examination. PFR File, Tab 1 at 14-15.

As an initial matter, we find that the administrative judge did not abuse her discretion in disallowing the appellant as a witness. *See Perez v. Department of the Air Force*, 37 M.S.P.R. 32, 38 (1988) (finding that the administrative judge did not abuse his discretion in disallowing appellant's testimony in light of the appellant's previous failure, despite numerous opportunities, to indicate his desire to include himself as a witness). Although there are circumstances that might warrant the inclusion of previously unforeseen witnesses based upon issues that might arise during an agency's case in chief, we do not find those circumstances present here. Even if prejudice to the agency's case could have been mitigated by bifurcating the hearing, we still find that the administrative judge was operating

---

[6] In her prehearing conference summary, the administrative judge wrote, "The appellant was not listed as a witness by either party. If this was an oversight, please advise the undersigned by September 12, 2019." IAF, Tab 11 at 2. Prior to the start of the September 30, 2019 hearing, the administrative judge again asked whether the appellant intended to testify, and the appellant's attorney replied that he did not. HR at 10:25 (the administrative judge and counsel's witness discussion).

well within her authority to conduct orderly and expeditious proceedings. *See* 5 C.F.R. § 1201.41(b). Furthermore, the appellant has not shown that he was prejudiced by the administrative judge's ruling because he has not explained what his testimony would have been or how it would have been material to the outcome of the appeal. *See Christopher v. Defense Logistics Agency*, 44 M.S.P.R. 264, 269 (1990).

We observe that the appellant couches his arguments in due process terms, arguing that the administrative judge denied him due process by disallowing additional examination of the Operations Officer and disallowing testimony from the appellant himself. PFR File, Tab 1 at 12, 15. Due process in this context entails a fair opportunity to secure an independent review of an agency's action, including a hearing at which the appellant may call and examine witnesses. *See Muzzipapa v. Department of Veterans Affairs*, 53 M.S.P.R. 53, 58 (1992). For the reasons explained above, we discern no violation of due process; the appellant has not shown that the administrative judge abused her discretion in regulating the course of the hearing, much less that any of her contested rulings prejudiced his substantive rights. *See Zell v. Department of the Army*, 57 M.S.P.R. 86, 88 (1993).

The appellant has not shown that the administrative judge was biased.

The appellant argues that the administrative judge was biased against him, as evidenced by the way she conducted the hearing. PFR File, Tab 1 at 7-12. He argues that the administrative judge interrupted his attorney's examination multiple times and questioned witnesses favorable to the appellant in an aggressive and condescending manner, effectively acting as an advocate for the agency. *Id.* at 8-12. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding will warrant a new adjudication only if

the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed.Cir.2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Having considered the appellant's arguments and reviewed the portions of the hearing recording that he cites in support, we find that he has not shown that the administrative judge was biased. We disagree that the administrative judge's questioning of witnesses conflicted with her role as a neutral adjudicator. An administrative judge enjoys broad discretion under our regulations in controlling the course of the hearing under 5 C.F.R. § 1201.41(b), and may question witnesses and elicit testimony at hearings in order to assure that the facts of the case are clearly and fully developed. *Clarry v. Department of Transportation*, 18 M.S.P.R. 147, 150 (1983), *aff'd*, 795 F.2d 1016 (Fed. Cir. 1986) (Table). There is no indication in this case that the administrative judge knew in advance what the answers to her questions would be. Her questions could have just as easily elicited testimony favorable to the appellant as testimony favorable to the agency. HR 1, Track 5 at 10:10-40:20. Our review of the hearing, including the specific portions that the appellant cites on petition for review, revealed no statements by the administrative judge suggesting favoritism toward the agency or any other indication of partiality, much less "deep-seated favoritism or antagonism that would make fair judgment impossible." *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012). We find that the assertive tone and manner with which the administrative judge conducted the hearing were appropriate and likewise do not substantiate the appellant's allegations of bias. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016).

<u>The appellant has not shown that bias by the deciding official deprived her of due process.</u>

It appears to be undisputed that the deciding official was involved in prior disciplinary actions against the appellant, previously made derogatory statements about the appellant, and said during the investigation of the appellant's most recent misconduct that he was going to fire him. ID at 14-15; HR 2, Track 9 at 22:30, 38:50 (testimony of the deciding official). Nevertheless, the administrative judge found that, however inappropriate the deciding official's comments might have been, "his behavior does not prohibit appropriate discipline being taken against an employee based on their own misconduct in the workplace." ID at 15. The appellant disputes this finding, arguing that the administrative judge erred when she failed to weigh and consider testimony about these matters. PFR File, Tab 1 at 18-19.

However, as set forth above, the administrative judge did consider testimony about this matter. ID at 14-15. A deciding official's familiarity with the facts of the case and expressed predisposition contrary to the appellant's interests does not constitute a due process violation or harmful error. *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 11 (2012). This is so even if the deciding official had gone so far as to concur previously in the desirability of taking the adverse action against the employee. *Id.* We find that the appellant has not shown that the agency's selection of a deciding official made the risk of unfairness to him intolerably high. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 30 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018).

<u>The agency proved the reasonableness of the penalty.</u>

Because all the agency's charges are sustained, the Board's authority to review the penalty is limited. *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 4 (2001). Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Id.*

In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to assure that management judgment has been properly exercised. *Id.* Thus, the Board will disturb an agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.*

In this case, the administrative judge found that the deciding official appropriately weighed the relevant factors in arriving at his penalty determination. ID at 13-14. She agreed with the deciding official that the appellant's failure to take responsibility for his misconduct reflected poorly on his rehabilitative potential, particularly in light of his four prior disciplinary suspensions. ID at 13-14; IAF, Tab 4 at 73-78. She also considered the deciding official's loss of trust and confidence in the appellant and the appellant's status as a law enforcement officer as aggravating factors. ID at 13-14; *see Watson v. Department of Justice*, 64 F.3d 1524, 1530 (Fed. Cir. 1995) (finding that law enforcement officers are held to a higher standard of conduct than are other Federal employees). The administrative judge acknowledged the appellant's length of service and good work performance, but she found that these mitigating factors did not outweigh the aggravating ones. ID at 14.

In reaching his penalty determination, the deciding official considered the appellant's response to the notice of proposed removal, but he found it unpersuasive. HR 2, Track 5 at 1:04:00 (testimony of the deciding official). As explained above, the appellant's explanation for his action was that his comment about lynching was a reaction to what he perceived as his coworker's death threat. According to the appellant, when his coworker saw his Trump-related shirt, he asked the appellant whether he wanted to get shot, and later at the end of the exchange, told the appellant, "Stand by to stand by," which

was an allusion to practice at the firing range. IAF, Tab 4 at 44; HR 1, Track 3 at 24:15 (testimony of the Watch Commander). The appellant's coworker denied using those words and maintained that he did not threaten the appellant. IAF, Tab 4 at 32; HR 1, Track 1 at 22:00 (testimony of the appellant's coworker). The deciding official, who was also the deciding official regarding the coworker's 14-day suspension, considered both versions of events, but he found the coworker's version to be more credible and determined that the appellant was not responding to a threat. HR 2, Track 5 at 1:04:00, 1:21:30 (testimony of the deciding official).

On petition for review, the appellant argues that the administrative judge failed to consider several factors related to penalty. PFR File, Tab 1 at 16-18. First, the appellant argues that the administrative judge failed to consider several facts concerning his coworker's credibility and other facts bearing on whether it was reasonable for the appellant to feel threatened. *Id*. at 16-17. However, regardless of whether the appellant's coworker actually intended to make a threat and whether a reasonable person in the appellant's situation might have felt threatened, the evidence shows that the appellant did not, in fact, feel threatened. As the administrative judge explained, the appellant's actions during and after the exchange with his coworker were not those of an individual who actually felt threatened. ID at 9. Rather, we find it most likely that the appellant made the statement about lynching not out of fear or to deescalate the situation, but out of anger because he was offended by his coworker's inappropriate remarks.

Second, the appellant argues that the administrative judge failed to consider that his coworker was the instigator of the incident. PFR File, Tab 1 at 17. The appellant is correct that provocation by others can constitute a mitigating penalty factor, and we find that it is a mitigating factor in this case. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). The appellant's coworker instigated the altercation, and we find that the appellant was justifiably angry at

his coworker's remarks. *See, e.g.*, *Wilburn v. U.S. Postal Service*, 28 M.S.P.R. 524, 525, 527 (1985) (mitigating a removal for physical assault when, among other things, the appellant's misconduct was provoked by a racial slur). There is no indication that the administrative judge considered this factor in her penalty analysis, and so we modify the initial decision to account for it.

Third, the appellant argues that the administrative judge failed to consider that his comments were not racially motivated. PFR File, Tab 1 at 17-18. We give no credence to the appellant's assertion that his lynching-related comment directed at an African American coworker was not racially motivated.

Fourth, the appellant argues that the administrative judge failed to consider that he and his coworker had previously maintained a professional relationship. PFR File, Tab 1 at 17. An employee's past work record, including performance and ability to get along with fellow workers, is a relevant penalty factor. *Douglas*, 5 M.S.P.R. at 305. However, both the deciding official and the administrative judge considered the appellant's satisfactory work record and found that it did not overcome the seriousness of his misconduct, his disciplinary record, and his lack of rehabilitative potential. ID at 14.

Fifth, the appellant argues that the administrative judge failed to consider that he had no prior complaints or discipline related to allegations of the same or similar conduct. PFR File, Tab 1 at 17. We find the appellant's argument unpersuasive. The administrative judge correctly found that the appellant's prior discipline was an aggravating factor even though it was not based on similar misconduct. ID at 14. The Board will not discount a prior action considered by an agency on the basis that the prior action was unrelated in nature to the action on appeal. *Lewis v. Department of the Air Force*, 51 M.S.P.R. 475, 484 (1991).

Sixth, the appellant argues that the administrative judge should have considered the agency's failure to submit its table of penalties for the record. PFR File, Tab 1 at 17. We agree with the appellant that the table of penalties was relevant, but if the appellant believed that information contained in the table of

penalties might have undermined the agency's case, he could have sought it through discovery. Based on the extant record, we see no reason to doubt the proposing official's assertion that the table of penalties allows for removal for a first offense of discourteous or inappropriate comments. IAF, Tab 4 at 27.

Seventh and finally, the appellant argues that the administrative judge failed to consider that his coworker suffered only a 14-day suspension for his role in the incident. PFR File, Tab 1 at 6, 16-17. Among the factors an agency should consider in setting the penalty for misconduct is "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305. When an employee raises an allegation that he received more severe discipline than another employee, the proper inquiry is whether the agency knowingly treated employees differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service." *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988). In this case, the appellant's and his coworker's misconduct was similar to the extent that it consisted of inappropriate statements that they made during the same verbal altercation. In addition, the deciding official was clearly aware that these two individuals received different penalties because he was the deciding official in both cases. HR 2, Track 5 at 1:04:00 (testimony of the deciding official). However, we find that the agency justified the disparity in penalties due to the appellant's four prior disciplinary suspensions and the racial nature of his remarks. Moreover, consistency of the penalty is only one factor among many for an agency to consider in arriving at a penalty determination. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18.

Having considered the appellant's arguments on review, we find insufficient basis to mitigate the removal penalty. Even considering that the appellant's coworker instigated the underlying altercation and was given a lesser penalty, we find that the appellant's significant disciplinary record, status as a law enforcement officer, lack of remorse, and continued attempts to rationalize

his misbehavior outweigh the mitigating factors, and that the agency's chosen penalty is fully supported by the record.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.